**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 31, 2014

LETTER TO COUNSEL:

      RE:    *Timothy Pressley v. Commissioner, Social Security Administration*;
             Civil No. SAG-13-3645

Dear Counsel:

      On December 3, 2013, the Plaintiff, Timothy Pressley, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Mr. Pressley's Reply. (ECF Nos. 17, 19, 22). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

      Mr. Pressley filed his claim on June 30, 2009, alleging disability beginning on April 11, 2006. (Tr. 197-207). His claim was denied initially on December 8, 2009, and on reconsideration on July 29, 2010. (Tr. 92-95, 100-03). Hearings were held on July 13, 2011, and January 27, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 28-89). Following the hearings, the ALJ determined that Mr. Pressley was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-27). The Appeals Council denied Mr. Pressley's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Pressley suffered from the severe impairments of thoracic outlet syndrome and complex regional pain syndrome. (Tr. 15). However, the ALJ determined that Mr. Pressley retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.1567(b) except he can never climb ladders, ropes or scaffolds, but can frequently perform all other postural activities. He is further limited to only occasionally using his dominant right upper extremity; and given his pain, he is limited to unskilled work, which is repetitive in nature and involves following a routine, and work with general goals verses (sic) production rate goals.

*Timothy L. Pressley v. Commissioner, Social Security Administration*
Civil No. SAG-13-3645
December 31, 2014
Page 2

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Pressley could perform jobs existing in significant numbers in the national economy, and that he was not, therefore, disabled. (Tr. 21-22).

Mr. Pressley argues on appeal that the ALJ assigned inadequate weight to the opinions of his treating physicians, Dr. Cerino and Dr. Izzi, and that the ALJ improperly assessed Mr. Pressley's credibility. Pl. Mot. 10-28. I concur that the ALJ's analysis of Mr. Pressley's case was flawed. Accordingly, I will remand this case to the Commissioner for further analysis.

While Mr. Pressley couches his appeal as containing two arguments, essentially, both boil down to a credibility question. The ALJ assigned little weight to the opinions of the treating physicians because their opinions are "based on Claimant's subjective" complaints of pain. (Tr. 20). Both parties agree that there were sufficient objective findings to support a diagnosis of complex regional pain syndrome. By definition, the hallmark of that syndrome is pain, which requires some assessment of Mr. Pressley's subjective condition. The ALJ repeatedly cited "the relative lack of objective evidentiary support for disability," *see, e.g.,* (Tr. 19), but given the nature of Mr. Pressley's diagnosis, it is unclear what objective support the ALJ expected the physicians to marshal.

Certainly, the ALJ drew the entirely reasonable conclusion, based on the records, that Mr. Pressley was engaged in abuse of narcotic pain medications and narcotic seeking behavior. (Tr. 18-19). The ALJ further correctly noted that Mr. Pressley appeared to be off of his pain medication for some period in early 2011. *Id.* However, there is not necessarily a correlation between an addiction to/abuse of pain medication and a lack of disabling pain. Thus, further analysis of Mr. Pressley's subjective complaints of pain is required.

Finally, and importantly, there appears to be error in the VE's testimony, upon which the ALJ relied to conclude that Mr. Pressley could perform jobs existing in significant numbers in the national economy. The ALJ concluded, in the RFC assessment, that Mr. Pressley was "limited to only occasionally using his dominant right upper extremity." (Tr. 16). The VE testified that Mr. Pressley would be capable of doing the identified jobs of fast food worker, cashier, and sales attendant, in part because his non-dominant left hand "would become the dominant hand." (Tr. 79). The VE cited to no medical basis for his conclusion that Mr. Pressley had achieved the proficiency with his non-dominant hand to perform the necessary tasks. The VE further stated that his conclusion that Mr. Pressley, as "basically a one-armed individual," (Tr. 83), would be capable of those jobs was in conflict with the Dictionary of Occupational Titles, which does not address the ability to perform jobs with only one arm. The VE clarified that he was "assuming, in the response to the light work, that the person is able to perform tasks with the left hand." (Tr. 83). He further noted that, to perform those jobs, the person would have to "handle, feel, manipulate, may have to put – fill orders, give change, is that – you know, those aspects with the left hand" for at least six hours out of an eight hour day. *Id.* The record simply does not reflect Mr. Pressley's ability to perform those types of tasks with his left hand on that type of sustained basis. Accordingly, I do not find substantial evidence, on the current record, to support the conclusion that Mr. Pressley is capable of performing the jobs identified by the VE.

The case is therefore remanded for further credibility analysis and for express consideration of Mr. Pressley's ability to perform the tasks required for any positions identified by a VE. In so remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Pressley was not entitled to benefits was correct or incorrect.

For the reasons set forth above, the Commissioner's Motion for Summary Judgment (ECF No. 19) and Mr. Pressley's Motion for Summary Judgment (ECF No. 17) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge